UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE JEANNETTE RADNEY,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | No. 2:14-cv-1398-CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born November 17, 1957, applied for SSI benefits on March 4, 2011, alleging disability beginning February 1, 2010. Administrative Transcript ("AT") 12, 79. Plaintiff alleged she was unable to work due to chronic pain in her back, left hip, right knee, lower legs, and arms resulting from chronic pain syndrome, degenerative joint disease of the hips and knees, venous insufficiency, asthma, and obesity. AT 16. In a decision dated March 11, 2014, the ALJ

determined that plaintiff was not disabled.[1]  AT 12-24.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

>    1. The claimant has not engaged in substantial gainful activity since March 4, 2011, the application date.
>
>    2. The claimant has the following severe impairments: chronic pain syndrome, osteoarthritis, degenerative joint disease of the hips and knees, status post bilateral total hip arthoplasty, venous insufficiency, asthma and obesity.
>
>    3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
>    4. After careful consideration of the entire record, the

---

[1]    Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

>    Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
>    Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>    Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
>    Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>    Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

>undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can lift carry 20 pounds occasionally and 10 pounds frequently; walk for 4 hours in an 8-hour workday; stand 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; can frequently push and pull with the bilateral lower extremities; can never climb ladders, ropes, and scaffolds and occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and should avoid concentrated exposure to fumes, odors, dusts, poor ventilations and hazards such as unprotected heights, moving machinery and uneven terrain.
>
>5.   The claimant is capable of performing past relevant work as a customer service representative and teacher for deaf children. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
>6.   The claimant has not been under a disability, as defined in the Social Security Act, since March 4, 2011, the date the application was filed.

AT 14-24.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: the ALJ failed to make a residual functional capacity ("RFC") determination that reflected the medical evidence in the record and (2) failed to properly consider the opinion of Family Nurse Practitioner ("FNP") Florian.  ECF No. 13.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

1  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

2  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

1.   The ALJ's RFC Determination

First, plaintiff argues that the ALJ's RFC determination lacks the support of substantial evidence in the record. Specifically, plaintiff asserts that the ALJ's determination that plaintiff could walk for up to 4 hours in an 8-hour work day and stand for up to 4 hours in an 8-hour workday is contrary to every medical opinion in the record. Plaintiff claims that the ALJ's determination would permit work that would require plaintiff to be on her feet for all 8 hours out of an 8-hour workday (up to 4 hours of standing and up to 4 additional hours of walking), which contradicts the evidence in the record. Plaintiff's argument is without merit.

The ALJ assigned either "great weight" or "substantial weight" to the opinions of Dr. Blando, a State agency non-examining physician who reviewed plaintiff's medical records, and Dr. Chiong and Dr. Schwartz, two consultative examining physicians who conducted independent examinations of plaintiff. All of these physicians opined that plaintiff had the ability to stand and walk up to 4 hours in an 8-hour workday. AT 293 ("Maximum standing and walking capacity: Up to four hours, limitation secondary to swelling and erythema involving the lower right extremity."); 311 ("[Plaintiff] is able to stand/walk 4 hours in an 8-hour workday secondary to swelling and erythema involving the [right lower extremity]."); 340 ("Maximum standing and walking capacity: Up to four hours in an eight-hour workday."). Nothing in the record or the

4

1   ALJ's decision indicates that the ALJ's determination regarding plaintiff's RFC to stand and walk
2   was contrary to these three opinions.  In fact, the ALJ appears to have largely adopted the
3   standing and walking restrictions opined by these three physicians.  In addition, the ALJ took into
4   account the other restrictions opined by these physicians with regard to plaintiff's ability to use
5   her lower extremities and largely incorporated them into his RFC decision.  See AT 16, 294, 311-
6   13, 340.  The ALJ's reliance on these three opinions constituted substantial evidence to support
7   the ALJ's RFC determination concerning plaintiff's ability to stand and walk.  See Andrews v.
8   Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (noting that a non-treating examining physician's
9   opinion can constitute substantial evidence when it "is based on independent clinical findings");
10  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-
11  examining physicians may also serve as substantial evidence when the opinions are consistent
12  with independent clinical findings or other evidence in the record.").

13         Moreover, contrary to plaintiff's assertion, nothing in the ALJ's RFC decision suggests
14  that the ALJ concluded that plaintiff could "be on her feet for 8 hours a day."  ECF No. 15 at 15.
15  In addition to concluding that plaintiff could stand and walk up to 4 hours in an 8-hour workday,
16  the ALJ determined that plaintiff had a mild limitation regarding her ability to push and pull with
17  her lower extremities, could never climb ladders, ropes, and scaffolds, and could occasionally
18  climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  AT 16.  Based on these
19  additional limitations, the more reasonable inference to be drawn from the ALJ's RFC assessment
20  regarding plaintiff's ability to sit and stand was that she could do both for up to 4 hours in an 8-
21  hour workday.  Similarly, the ALJ concluded that plaintiff's exertional RFC was "light work" as
22  defined in 20 C.F.R. § 416.967(b).  AT 15-16.  Per the Regulations, light work "requires *a good*
23  *deal of* walking or standing."  20 C.F.R. § 416.967(b) (emphasis added).  This requirement
24  implies some level of limitation on a claimant's ability to spend time on her feet during an 8-hour
25  workday, especially in light of the fact that any level of work more strenuous than "light work,"
26  i.e., "medium work" up to "very heavy work," requires no restriction on the ability to stand or
27  walk.  See 20 C.F.R. § 416.967(c)-(e).  Finally, the plain language of the ALJ's decision indicates
28  that he did not mean that plaintiff could be on her feet for the entirety of a workday when he

concluded that plaintiff had the RFC to stand and walk for up to 4 hours in a workday. Had the ALJ meant that plaintiff had the unlimited ability to be on her feet for the full workday, it is reasonable to assume he would have provided clarification to that effect in his decision.

In sum, plaintiff's interpretation of the ALJ's RFC determination has no basis in the record or in the text of the ALJ's decision. Accordingly, the court finds that the ALJ's RFC conclusion regarding plaintiff's ability to stand and walk was that plaintiff could stand up to 4 hours and walk up to 4 hours over the course of an 8-hour workday, rather than that plaintiff could be on her feet for the entirety of an 8-hour workday. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (noting that a reviewing court may "draw[ ] specific and legitimate inferences from the ALJ's opinion.").

Plaintiff further asserts that the ALJ's RFC determination that plaintiff could perform "light work" as defined in 20 C.F.R. § 416.967(b) contradicts the opinions of Dr. Chiong, Dr. Pan, and Dr. Schwartz that plaintiff could stand and walk up to 4 hours in an 8-hour workday because these opinions indicate that plaintiff could do only sedentary work. However, plaintiff's assertion overstates the limitations opined by these physicians and is contrary to the plain definition of what constitutes "light work" pursuant to 20 C.F.R. § 416.967(b). As noted above, light work "requires a good deal of walking or standing," 20 C.F.R. § 416.967(b), whereas sedentary work requires the ability to occasionally stand and walk, id. § 416.967(a). The medical opinions plaintiff refers to in her brief all found that plaintiff could stand and walk for 4 hours in an 8-hour workday. AT 293, 311, 340. Given that these physicians all determined that plaintiff could stand and walk for up to half of an 8-hour work day, the ALJ reasonably interpreted their opinions to mean that plaintiff could do a "good deal of walking or standing," thus indicating that plaintiff could engage in light work. Even if these opinions could be construed, as plaintiff suggests, to mean that plaintiff could engage in only occasional standing and walking, the court must still uphold the ALJ's conclusion. Tommasetti, 533 F.3d at 1038 ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."). Accordingly, plaintiff's argument that the ALJ erred because his conclusion that plaintiff had the exertional RFC to perform light work contradicted the opinions of Dr. Chiong, Dr. Pan, and Dr.

Schwartz is without merit.

### 2. FNP Florian's Opinion

Second, plaintiff argues that the ALJ erred by assigning "little weight" to the opinion of FNP Florian, a nurse practitioner who treated plaintiff at the Tom Waddell Health Center from October of 2008 through 2012.

On August 22, 2011, FNP Florian filled out a treating physician medical assessment form, which noted that she began treating plaintiff on October 7, 2008, saw plaintiff every one to two months, and had last seen plaintiff on August 5, 2011. AT 282. In this assessment, FNP Florian diagnosed plaintiff with asthma; chronic pain due to osteoarthritis in her bilateral hips; degenerative joint disease, right knee femoral; venous stasis; anemia; vitamin D deficiency; persistent pain; lower leg edema; and fatigue. Id. FNP Florian further determined that plaintiff's anemia was "profound" and that her impairments caused pain in her hips and knees and caused her feet and ankles to "swell up very easily." AT 283-84. In light of these impairments, she opined that plaintiff had the ability to lift no more than 10 pounds, and only rarely; sit for up to 6 hours in an 8-hour workday; stand and walk for less than 1 hour in an 8-hour workday; occasionally bend, with the caveat that she take caution in doing so due to a recent hip replacement surgery; never squat; and frequently reach above shoulder level. AT 282-83. Ultimately, FNP Florian opined that plaintiff "would be an excellent candidate for vocational rehab and limited part-time work when she is more medically stabilized" and that "[s]he needs full entitlements to stabilize her health." AT 284.

FNP Florian continued to treat plaintiff through 2012, and on November 26, 2012, issued an updated assessment of plaintiff. AT 363. In this assessment, she opined that plaintiff's condition had continued to worsen in the time after the August 22, 2011 opinion. She noted that plaintiff had become more fatigued and was suffering from frequent arterial bleeding on her left lower leg, which caused plaintiff to fear leaving her home. Id. However, the updated assessment did not indicate whether these worsening conditions had an impact on the functional restrictions

/////

/////

noted in the August 22, 2011 opinion, nor did it note that plaintiff had any additional functional restrictions.[2]

As a nurse practitioner, Ms. Florian qualifies as an "other source" under the Social Security Administration's regulations.[3] 20 C.F.R. § 404.1513(d)(1) (including nurse practitioners as an "other source"). Although an ALJ may give more weight to an opinion of an "acceptable medical source" over an "other source," see 20 CFR § 416.927; Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996), the ALJ may not completely disregard an opinion from an "other source" merely because it is not an "acceptable medical source." See Social Security Ruling ("SSR")[4] 06-03p4 ("[T]here is a requirement to consider all relevant evidence in an individual's case record . . . ."); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (noting that the Regulations require an ALJ to "consider observations . . . by non-medical sources"). As the Commissioner has recognized, "the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity . . . [T]he adjudicator generally should explain the weight given to opinions from these 'other sources[.]'" SSR 06-03p, 2006 WL 2329939, at *6.

---

[2] Both FNP Florian's initial opinion and updated opinion were signed off on by a Dr. Borne. AT 284, 363. However, there is no evidence in the record that Dr. Borne ever treated plaintiff at any time prior to either opinion or closely oversaw FNP Florian's treatment and examinations of plaintiff.

[3] As the ALJ noted in his decision, there is no evidence in the record indicating that Dr. Borne ever saw or treated plaintiff, or had any role in plaintiff's care beyond signing off on FNP Florian's treatment notes and opinion. Accordingly, FNP Florian's opinion is not considered an "acceptable medical source" under the Regulations. See Evans v. Comm'r of Soc. Sec., 2012 WL 928709, at *4 (E.D. Cal. Mar. 19, 2012) (citing Gomez v. Chater, 74 F.3d 967 (9th Cir. 1996)) ("Gomez does not stand for the proposition that any medical professional, who would not otherwise be considered an 'acceptable medical source,' is treated as an 'acceptable medical source' merely because they are supervised to any degree by a physician.").

[4] The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy." Bunnell v. Sullivan, 947 F.2d 341, 346 n. 3 (9th Cir. 1991). Although "SSRs do not carry the 'force of law,' . . . they are binding on ALJs nonetheless. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (citation omitted). Social Security rulings "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

"Although [the Regulations] do not address explicitly how to evaluate evidence (including opinions) from 'other sources,' they do require consideration of such evidence when evaluating an 'acceptable medical source's' opinion." Id.  The ALJ may discount testimony from "other sources" if the ALJ "gives reasons germane to each witness for doing so." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)); Meza v. Astrue, 2012 WL 5874461, at *3 (C.D. Cal. Nov. 20, 2012) (unpublished) (citing Molina, 674 F.3d at 1111) ("Statements from 'other sources' are competent evidence that an ALJ must take into account, unless he expressly determines to disregard such evidence and gives reasons germane to each witness for doing so.").

The ALJ gave the following reasons for according "little weight" to Nurse Practitioner Florian's opinion:

> A review of the Tom Waddell Health Center treatment notes documents a longitudinal treatment history between the claimant and FNP Florian.  Further review of the Tom Waddell Health Center medical records are devoid of any evidence that the claimant was ever seen or treated by Dr. Borne, therefore little weight is given to Dr. Borne's signature on these two forms.  Only acceptable medical sources can provide medical opinions to establish the existence of a medically determinable impairment and how it affects the individual's physical and mental functioning.  Here, FNP Florian is not an acceptable medical source under the Regulations.  While the Regulations require consideration of medical sources who are not "acceptable medical sources," the Regulations provide detailed rules for such an evaluation.  One factor we consider is supportability, i.e. the degree to which the "acceptable medical source" presents an explanation and relevant evidence to support an opinion, particularly medical signs and laboratory findings.  Although this is an issue reserved to the Commissioner pursuant to SSR 96-5p, the undersigned has considered FNP Florian's opinion on the nature and severity of the claimant's impairment but found that the treatment records, medical imageries and medical procedures do not support her statements regarding the claimant's physical residual functional capacity and is therefore given little weight.

AT 19-20.  In essence, the ALJ discounted FNP Florian's opinion on the basis that it conflicted with plaintiff's treatment records and the other medical opinions in the record.  These were germane reasons for according "little weight" to this opinion that were supported by substantial evidence in the record.  See Molina, 674 F.3d at 1112 (ALJ may properly discount "other source" opinion in favor of conflicting opinions from licensed physicians—"acceptable medical sources"

1  who are entitled to greater weight); SSR 06-3p, 2006 WL 2329939, at *4 (in evaluating evidence
2  from "other sources," ALJ may consider "how consistent the opinion is with other evidence").

3        No other medical opinion in the record contained functional restrictions that were overall
4  as severe as those opined by FNP Florian.  For instance, Dr. Blando, Dr. Chiong, and Dr. Pan
5  opined that plaintiff had the ability to lift up to 10 pounds frequently and 20 pounds occasionally,
6  and Dr. Schwartz concluded that plaintiff could lift up to 25 pounds frequently and up to 50
7  pounds occasionally.  AT 34, 294, 311, 340.  These opinions were issued throughout the course of
8  the time plaintiff was being treated by FNP Florian and indicate that plaintiff's ability to lift was
9  less limited than what was opined by FNP Florian.  Similarly, Dr. Chiong, Dr. Pan, and Dr.
10 Schwartz all opined that plaintiff could walk and stand for up to 4 hours in an eight hour day,
11 while FNP Florian's opinion was the only one in the record to find that plaintiff could engage in
12 these activities for less than one hour per workday.  Plaintiff's treatment records throughout the
13 relevant period also generally do not support the level of severity FNP Florian opined.  E.g., AT
14 163, 167-70, 376-77.  Accordingly, substantial evidence in the record supported the ALJ's
15 accordance of "little weight" to FNP Florian's opinion on the grounds that it conflicted with the
16 other medical evidence in the record.

17       Because the ALJ provided germane reasons for discounting FNP Florian's opinion that
18 were based on substantial evidence in the record, plaintiff's argument that the ALJ erred in
19 assessing this opinion lacks merit.[5]

20 CONCLUSION

21       For the reasons stated herein, IT IS HEREBY ORDERED that:
22       1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;
23       2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is granted;
24 and

---

[5] Furthermore, even if FNP Florian could be considered an "acceptable medical source" by virtue of working closely under the supervision of Dr. Borne, thereby making her opinion one of a treating physician, see Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996), the ALJ's treatment of her opinion still would be without error because the ALJ's reason for rejecting this opinion was a specific and legitimate reason supported by substantial evidence in the record.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

3. Judgment is entered for the Commissioner.

Dated: March 19, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 Radney.ss